Michael D. Black (9132)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, UT  84111
Telephone: (801)532-7840
Facsimile: (801)532-7750
mblack@parrbrown.com

Attorneys for America's Wholesale Lender, BAC Home Loans Servicing, LP, ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc. and Stuart Matheson

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN WALKER<br><br>        Plaintiff,<br><br>vs.<br><br>BAC HOME LOANS SERVICING LP; AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; BONNEVILLE TITLE FDBA TIMP TITLE; STUART MATHESON; MATHESON, MORTENSEN et al.; DOES 1-5,<br><br>        Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br><br>Case No: 2:11-cv-64 BSJ<br><br>Judge Bruce Jenkins |

Defendants America's Wholesale Lender, BAC Home Loans Servicing, LP, ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc. and Stuart Matheson (collectively "Defendants") respectfully submit this memorandum in support of their

1

Motion to Dismiss the Complaint of Stephen Walker ("Walker" or "Plaintiff").

## INTRODUCTION

This is yet another lawsuit in which a borrower, in default on his loan obligations, attempts to stop the foreclosure of the property securing the loan by challenging the validity of the security interest in the loan. Walker's claims appear to center on the theories that the Note has been "split" from the deed of trust and that MERS had no authority to act for the lender. These claims have no merit—they are predicated on fundamentally incorrect legal theories that have been routinely rejected by the Judges of this Court. They fail as a matter of law, and the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FACTS AND BACKBROUND

The following allegations are taken from the Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in this motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. Okla. 1997). These "facts" are only presented for purposes of this motion, and Defendants do not admit them by including them here.

1.  On or about February 23, 2006, Walker signed a Note in favor of America's Wholesale Lender in the principal amount of $204,400.00 (the "Note" a copy of which is attached) to acquire a property in Saratoga Springs, Utah (the "Property") [Complaint ¶ 1; Note.].

2.  On or about the same date, Walker signed a Deed of Trust securing the Note (the "Trust Deed," a copy of which is attached) that identified America's Wholesale Lender, as

"Lender", Stewart Matheson as "Trustee" and MERS as Beneficiary as nominee for Lender and its successors and assigns. [Complaint ¶ 2, Trust Deed].

3. On or about August 24, 2010, MERS assigned its beneficial interest to BAC and BAC appointed Recontrust as a substitute trustee. [Complaint ¶5, Assignment and Substitution of Trustee, attached].

4. On or about that same date, ReconTrust filed a Notice of Default on the Property. [Complaint ¶37.]

## ARGUMENT

Plaintiff's claims have no merit and should be dismissed. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires

> . . . more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal quotations marks omitted). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted); *see also Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (noting that courts accept well-pleaded facts, not conclusory allegations). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-

but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1950 (quoting Fed. R. Civ. Proc. 8(a)(2)).

The Plaintiff has alleged seven causes of action, all of which are dependent upon theories which have previously been rejected by this Court on multiple occasions. Walker's claims for declaratory judgment (First Claim), breach of trustee's duty of good faith and fair dealing (Fourth Claim) FDCPA (Fifth Claim) slander of title (Sixth Claim) and quiet title (Seventh claim) are all based on the theories of "split the note" and "MERS has no authority" which have been rejected by this Court. Plaintiff's claims for negligent misrepresentation (Second Claim) and breach of contract (Third Claim) do not set forth a sufficient claim and are barred by the economic loss doctrine and the statute of frauds. None of the Plaintiff's claims are viable as a matter of law and all should be dismissed with prejudice.

## I.   **MERS Has At All Relevant Times Been Entitled to Act as a Beneficiary Under the Trust Deed and It has Not Been "Split"**

Plaintiff argues that the note has been "split" and that MERS had no ability to act as the beneficiary of the Trust Deed in assigning it to BAC. These arguments have been repeatedly rejected by this Court and are not legally correct or supportable.

### *A. The Note Has Not Been "Split".*

Walker proffers a theory that has been soundly and repeatedly rejected—that a note and trust deed can be "split" and rendered a nullity. This Court has already rejected the "split the note" theory. *See King v. American Mortgage Network,* Case No. 1:09-cv-162 (Sept. 2, 2010); *Rodeback v. Utah Financial*, Case No. 1:09-cv-134 (July 13, 2010). By statute, "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor." Utah Code §57-1-35. The statute does not provide for any exceptions, nor has Walker cited to any case law

or statute that holds that such an exception exists to that statute. By law, each successor to the Note also receives the benefit of the security. The "security" of a trust deed is the right to receive from the trustee the proceeds of a trustee's sale. The statute at issue does not prohibit the owner of the debt from having a nominee hold legal beneficiary status under the trust deed. And, by contract, MERS was appointed as their nominee beneficiary under the Deed of Trust.

### B. MERS was a Proper Beneficiary.

The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary of the Trust Deed. *See, e.g.*, *Marty v. Mortgage Electronic Registration Systems*, Case 1:10-cv-33, pgs. 9-11(D. Utah October 19, 2010) ("there is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long as MERS were to act on behalf of those parties who have the ultimate right to collect the debt."); *Foster v. BAC Home Loan Servicing,* No. 2:10-cv-247, 2010 WL 3791976, at *3 (Sept. 22, 2010); *Rodeback v. Utah Financial*, No. 1:09-cv-134, 2010 WL 2757243, at *4 (D. Utah July 13, 2010); *Southam v. Lehman Bros. Bank FSB et al.*, No. 2:10-cv-45, 2010 WL 3258320, at *3 (D. Utah Aug. 17, 2010); *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-cv-69, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009) (holding that MERS is able to take any actions required of the lender, including the assignment of the lender's interest, substitution of the trustee, and initiation of foreclosure proceedings). Under the plain terms of the Trust Deed, which Walker signed, MERS was appointed as the beneficiary and nominee for the Lender <u>and its successors and assigns</u> and granted the power to act in their stead, including making assignments and instituting foreclosure:

> The beneficiary of the Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . .
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

Trust Deed, at pgs. 2-3. Pursuant to the governing documents and this Court's case law, MERS is empowered to take any actions that the Lender could, including the ability to assign the Trust Deed to BAC.

Indeed, contrary to Plaintiffs' claims, MERS' status as nominee is entirely appropriate and widely recognized. As the First Circuit has stated, "the use of a nominee in real estate transactions, and as mortgagee in a recorded mortgage, has long been sanctioned as a legitimate practice." *In re Cushman Bakery*, 526 F.2d 23, 30 (1st Cir. 1975); see also FRIEDMAN ON CONTRACTS & CONVEYANCES OF REAL PROPERTY, § 6:1:5 ("it is familiar practice in real estate transactions to use a nominee"). Although mortgages are not governed by the UCC, that statute also expressly permits the use of nominee's in financing statements. *See* Utah Code §70A-9a-502(1)(b) (a financing statement is sufficient if it "provides the name of the secured party *or a representative* of the secured party." Emphasis added.) Plaintiff cannot point to any law to the contrary.

### C. The Utah Code Definitions Do Not Preclude MERS From Acting as Beneficiary of the Trust Deed.

Plaintiff argues that the definition of "beneficiary" in the Utah Code precludes MERS from having that status, and in particular voids the assignment to BAC. The Utah Code does not

support that contention.  Utah Code §57-1-19 defines the terms that are used in that portion of the Utah Code – nowhere does that section purport to restrict the parties' ability to form whatever contract suits the transaction or to use a nominee.  That section states in part that

> As used in Sections 57-1-20 through 57-1-36:
> (1) "Beneficiary" means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest.

Utah Code Ann. §57-1-19(1).  The statute is clear (if somewhat tautological) that whoever is designated as the beneficiary is the beneficiary.  There is no restriction that it must be the Lender, or that a nominee cannot be so designated.  This statute contains none of the limitations that Plaintiff seeks to read into it.

Plaintiff also argues that Utah Code §57-1-39 supports his arguments.  However, that Code section contains definitions of terms that are explicitly limited.  It states:

> As used in Sections 57-1-40 and 57-1-44:
>
> (1) "Beneficiary" means the record owner of the beneficiary's interest under a trust deed, including successors in interest.

This definition provision specifically limits its application to section 57-1-40--which provides that "a title insurer or title agent may reconvey a trust deed" if, among other things, they provide certain notices to the "beneficiary"--and section 57-1-44--which states that a "beneficiary" is not excused from complying with the more general reconveyance provisions of 57-1-38.  That definition provision does not apply to the arguments made by Plaintiff, and in any event does not support the limitations on the content of trust deed that he seeks to impute.

Plaintiff's argument that the Utah Code prevents MERS from being designated as the beneficiary of a trust deed as nominee for the lender and its assigns, is not supported by the

7

language of the Code and it fails. Accordingly, as this Court has repeatedly held, MERS was specifically granted the power to act as the beneficiary of the trust deed and had the authority to assign beneficial interest to BAC.

### D. The "Split the Note" and "MERS is not a Valid Beneficiary" Claim is Barred by the Statute of Limitations.

The "split the note" claim—and therefore the quiet title claim—is barred by the statute of limitations. The loan at issue closed on February 23, 2006. On that date the borrower signed the trust deed identifying MERS as the beneficiary as nominee for the lender and its successors and assigns. All of the facts underlying the "split the note" claim were known on that date. This suit was not filed until December 23, 2010, more than four years later. Because the "split the note" claim is not a right, duty, or obligation found in the language of the trust deed, the appropriate statute of limitations is either the four year general statute of limitations, Utah Code §78B-2-307(3), or the three year statute of limitations for liability created by statute, Utah Code §78B-2-305(4). *See McKean v. McBride*, 884 P.2d 1314, 1317-18 (Utah Ct. App. 1994). In that case the Utah Court of Appeals held that:

> In the case at bar, the Alpine contract provides no remedy in the event of Alpine's default or refusal to perform. Thus, McKean's right, if any, to recover the monies paid does not rest on the Alpine contract, but is implied in law. Because McKean's claims are not founded upon a written instrument, but rather upon an implied right to recover, the four-year statute of limitations period applies.

*Id*. Similarly, the claim of "split the note" and inability to enforce the trust deed is not provided for in the trust deed itself. Therefore, even if such a claim validly existed, it would not be "founded upon a written instrument" and one of the shorter statutes would apply, barring this claim.

## II. A Non-Judicial Foreclosure is Entirely Conducted by the Trustee, and Walker's "Wrong Beneficiary" Argument is Irrelevant.

There is nothing difficult or complex about the non-judicial foreclosure of the Property, which to date has been conducted properly. Walker has not paid the Note. BAC was entitled to collect the Note as the lender's agent. BAC was assigned the Trust Deed and properly appointed ReconTrust as successor trustee. From there, all non-judicial foreclosure activity has been properly performed by Recontrust. Plaintiff is apparently confused about the operation of a deed of trust and the requirements for a non-judicial foreclosure. Once appointed, the trustee is the only party that has any official role in a non-judicial foreclosure.

The purpose of a non-judicial foreclosure power is to provide a relatively quick and inexpensive method to collect the security on a defaulted loan, "without submitting his or her rights to or invoking the aid of a court of law." 59 CJS Mortgages §739. It is designed to be a summary proceeding without judicial involvement, and is a response (by lenders and the Utah legislature) to a system of judicial foreclosure that is time-consuming, expensive, and cumbersome to both the lender and the judiciary.

Plaintiff is seeking to prevent the trustee from employing a contractual and statutory remedy for a default on the Note. In order for the Plaintiff to do so, he must show that either there is no default on the Note, or that the trustee has failed to conform to the notice and sale requirements. As long as there is a default on the note and the trustee complies with the statutory notice and sale requirements, there is no basis to stop the non-judicial foreclosure of the trust deed.

Plaintiff's "wrong beneficiary" argument completely misses the mark. The identity of the beneficiary has no effect on whether the borrower has made its required monthly payments,

which is a default under the plain terms of the Note. *See* Note §6. Indeed, Plaintiff does not contend that he has made all his payments, and a default on the Note is admitted. Neither does he have a right to assert failure to present and prove the Note as a defense to payment. Walker has explicitly waived presentment and dishonor in the Note. *See* Note §9. The right to demand proof and exhibition of the instrument is a presentment right that Walker explicitly waived. *See* Utah Code Ann. §70A-3-501 and 504. Second, federal Courts, including this Court, have already stated that possession and proof of the Note is not a requirement for non-judicial foreclosure. *See McGinnis v. GMAC Mortgage Corp.*, Case 2:10-cv-301 ("Utah law on non-judicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note."); *Nordeen v. America's Wholesale Lender*, 2010 WL 3168638, 4 (D.Ariz.,2010); *Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, 3 (N.D.Cal.,2010) ("Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required.").

     Nor does the identity of the beneficiary have any effect on the notice and sale requirements for a non-judicial foreclosure. The execution of a trust deed transfers all of the trustor's interest in the property "to the <u>trustee</u> as security for the obligation or obligations for which the trust property is conveyed…" Utah Code §57-1-20 (emphasis added). The trust deed is an actual conveyance to the trustee. *See Interstate Land Corp. v. Patterson*, 797 P.2d 1101, 1106 (Utah App. 1990). Upon a default it is the trustee who sells the trust property, and is then obligated to apply the funds appropriately. After a default in the obligation "the trustee…is given the power of sale by which the <u>trustee</u> may exercise and cause the trust property to be sold…" Utah Code §57-1-23 (emphasis added). The trustee files a notice of default and a notice

of trustee's sale. *See* Utah Code §§57-1-24-25. The trustee conducts the auction, collects the proceeds, and delivers a trustee's deed. *See* Utah Code §§27-28. The trustee is then obligated to apply the sale proceeds to the sale costs, then "<u>to payment of the obligation secured by the trust deed</u>", and any excess to the court or to the person legally entitled to the proceeds. Utah Code §57-1-29.

There is absolutely no role in a non-judicial foreclosure for any party other than the trustee, and neither MERS, the holder of the note, nor any other party has any obligation to appear, prove its rights, establish standing, or take any other official action. Regardless of who holds the note or has "standing" to pursue a *judicial* foreclosure, in a non-judicial foreclosure the trustee is acting as that party's fiduciary and the borrower is obligated to deal with the trustee.

Plaintiff's arguments that the "wrong beneficiary" is foreclosing, or that the beneficiary is unknown, even if the underlying facts are assumed to be true, are entirely irrelevant to the question of whether a non-judicial foreclosure sale may be stopped.

### III. <u>MERS Properly Assigned its Beneficial Interest to BAC and ReconTrust Was Properly Substituted as Trustee</u>

Plaintiff claims that MERS' assignment of its interest as beneficiary under the Trust Deed to BAC was invalid and accordingly, the substitution of ReconTrust was also invalid. However, notarized documents recorded and attached to Plaintiff's complaint show that MERS' beneficial interest in the Trust Deed was properly assigned to BAC and ReconTrust was properly substituted as trustee. Plaintiff's allegations to the contrary are "naked assertion[s] devoid of 'further factual enhancement'" that lack substance and merit. *See Ashcroft*, 129 S.Ct. at 1949.

Plaintiff challenges, in conclusory fashion, MERS's ability to act through certifying officers appointed pursuant to a corporate resolution. Federal courts have repeatedly recognized

11

that MERS enjoys the same rights as other corporations, and have affirmed MERS's ability to appoint corporate officers in this fashion. *See Bain v. Metro. Mortgage Group Inc.*, 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010) (holding that loan servicer "openly and lawfully allow[ed] its employees to sign on behalf of [MERS], pursuant to contract —which is the essence of ordinary agency action everywhere. There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions"); *Phillips v. Wells Fargo Bank, N.A.*, 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing complaint and rejecting allegation that "assignment was signed by an unauthorized party, because [individual] was not and is not a Vice President of MERS" as entirely unsupported by factual allegations) (internal quotation and citation omitted). Defendants respectfully submit that the same result is required here.

Plaintiff's other claims regarding the sufficiency of the substitution of trustee and the validity of the notice of default are wholly reliant on the theory that the initial assignment to BAC was flawed. Because this argument has no merit, Plaintiff has no basis for attacking the validity of ReconTrust as the current Trustee and the notice of default was properly recorded and is enforceable.

### III.     Plaintiff's Breach of Good Faith Claim Fails

Plaintiff alleges that ReconTrust and Stuart Matheson breached a duty to them by recording a notice of default and following the beneficiary's direction regarding the non-judicial sale. Because the foreclosure was proper and authorized by law and the Trust Deed, there was no breach of any duty. Moreover, Plaintiff fails to explain how ReconTrust has failed to "assure payment of the secured debt" – the only duty owed by a trustee. *Russell v. Lundberg*, 120 P.2d

541, 546 (Ut. Ct. App. 2005). In any event, this claim demonstrates a failure to understand the operation of a deed of trust and non-judicial foreclosure. The trustee's duty, in the case of a default under the Note, is to sell the Property and apply the proceeds to pay down the balance on the Note. There is no basis for a claim that ReconTrust is failing to do so by foreclosing.

As to Stuart Matheson, the only allegation in the Complaint is that he will act as the auctioneer if a sale occurs. There is no sufficient allegation of any conduct that has already occurred that would give rise to any liability, nor does Plaintiff explain how an auctioneer could have liability for the claims asserted. This claim is entirely insufficient and, in any case, completely implausible, and should be dismissed.

## IV.    Plaintiff's Arguments Do Not Support a Quiet Title Claim

Plaintiff fails to recognize the distinction between a claim to enjoin a non-judicial foreclosure and a claim for quiet title. A quiet title claim seeks to extinguish competing interests in the property in favor of the interest of the plaintiff. *See Utah State Dept. of Social Servs. v. Santiago*, 590 P.2d 335, 337 (Utah 1979). However, Walker makes no claim that is sufficient to support this cause of action. Under Utah law "[t]o succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048-49 (Utah 1983). Plaintiff admits that he executed the Trust Deed, and that it was notarized and recorded. There is no claim that the Trust Deed has been reconveyed. The identity of the beneficiary does not affect the validity of the Trust Deed as an encumbrance on Plaintiff's title, nor does the status of the servicer or trustee. By law, each successor to the Note also receives the benefit of the security. There is no basis for Plaintiff to claim that the Trust

Deed is not a valid encumbrance against his title and therefore Plaintiff cannot make out a claim for quiet title. *See Commonwealth Property Advocates v. Citimortgage, Inc.*, 2011 WL 98491 (D.Utah, Jan. 12, 2011) ("it appears that Plaintiff's quiet title action is premised on the notion that if Defendants' claim to title is successfully challenged, then by default, title must be quieted in the plaintiff's favor. This proposition misstates the law.")

### IV.     Walker's Slander of Title Claim Fails.

Slander of title requires proof that "(1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages." *First Sec. Bank, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1256-1257 (Utah 1989). Because the assignment, substitution and notice of default were correct and authorized by law and the Trust Deed, there was no false or slanderous statement. Moreover, legitimate efforts to enforce a security interest cannot rise to the level of "malice" even if errors are made. *See id.* Accordingly, this claim fails.

### V.      The Contract Claim Fails for Lack of an Enforceable Contract.

In any breach of contract claim, under Utah law, "an essential element" is the existence of a "valid and enforceable contract." *See Bennett v. Jones Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 34, 70 P.3d 17. Walker is claiming that BAC was obligated to accept payments that are less than what the Note required, based on an alleged verbal agreement in December 2009. This is not sufficient. First, the allegations regarding the December 2009 communication is only that he "would qualify for forbearance and the loan modification." There is no allegation that any actual permanent modification was in fact offered at that time. Such "agreements to

agree" are not enforceable in Utah. *See Harmon v. Greenwood*, 596 P.2d 636, 639 (Utah 1979).

As the Utah Supreme Court stated in *Harmon*,

> Nowhere in its forms are any binding promises even made; it is precisely what it purports to be, a letter indicating the intention of the parties to enter into, at a later time, a binding agreement. The letter is a variation of what is often called an "agreement to agree". Such "agreements to agree" are generally unenforceable because they leave open material terms for future consideration, and the courts cannot create these terms for the parties.

Id. Moreover, to the extent that Walker is claiming that the alleged statement created a verbal modification of the loan, Walker's claim is barred by the statute of frauds. Under Utah law certain agreements are void unless in writing, including "credit agreements." Utah Code Ann. §25-5-4. Credit agreement is defined as:

> [A]n agreement by a financial institution to:
>     (I) lend, delay, or otherwise modify an obligation to repay money, goods, or things in action;
>     (II) otherwise extend credit; or
>     (III) make any other financial accommodation.

A purported verbal agreement to modify the Note falls within this definition, and requires any such agreement to be in writing.

For both of these reasons, this claim should be dismissed as well.

## VI.    The Negligent Misrepresentation Claim Fails for Lack of a "False Representation."

A misrepresentation claim requires as a threshold some sort of factual assertion which is false. *See Smith v. Frandsen*, 2004 UT 55, ¶10. The misrepresentation must be material and must be of an existing fact. *See Olsen v. Univ. of Phoenix*, 2010 UT App 327, ¶6. No such assertion has been alleged. The allegations of the Complaint, even if they are assumed to be correct, establish only that the Plaintiff was told that he would qualify for a trial loan modification and that he was "encouraged" to complete the full loan modification application

process. None of these allegations are false statements of existing fact, but are alleged statements about what might happen in the future. This is not a sufficient basis for a misrepresentation claim.

### A. The Misrepresentation Claim is Also Insufficiently Pled.

The circumstances constituting fraud must be pled with particularity. *See* FRCP 9(b). "Negligent misrepresentation is a form of fraud." *Smith v. Frandsen*, 2004 UT 55, ¶11. Accordingly, the misrepresentation must be pled with particularity, which this was not. The alleged statements are quite vague as to the actual content, and no information is pled about who made the statement, when the statement was made, or how it was made. This is insufficient to meet the pleading standard under Rule 9.

### B. This Claim is Barred by the Economic Loss Rule.

Walker's claim for negligent misrepresentation is barred by the economic loss rule. The Utah Supreme Court has recently explained the scope and purpose of the economic loss rule in Utah

> "First, it bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury. ... Second, the economic loss rule prevents parties who have contracted with each other from recovering beyond the bargained-for risks.

*Sunridge Dev. Corp. v. RB&G Eng'g, Inc*., 2010 UT 6, ¶28. Either purpose bars these claims. First, Walker does not and cannot allege physical injury or property damage. Second, BAC is servicing and collecting on a written contract, the Note, and the foreclosure is pursuant to another written contract, the Trust Deed. Walker's negligence claim in this respect is seeking to "recover[] beyond the bargained-for risks" and is barred.

## CONCLUSION

For the foregoing reasons, the Motion should be granted and the Complaint should be dismissed with prejudice. The defects in Walker's claims are incurable, and no further amendment will transform them into claims under which he can proceed. Consequently, Defendants respectfully request this Court to dismiss all claims against them, with prejudice and without leave for Plaintiff to amend.

RESPECTFULLY SUBMITTED this 11th day of February, 2011

        PARR BROWN GEE & LOVELESS

        By  /s/ Michael D. Black
        Michael D. Black
        Attorneys for America's Wholesale Lender, BAC
        Home Loans Servicing, LP, ReconTrust Company,
        N.A., Mortgage Electronic Registration Systems,
        Inc. and Stuart Matheson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of February, 2011, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system and I sent a true and correct copy of the foregoing by U.S. mail, postage prepaid to:

>Stephen Walker
>1304 N. Redwood Road, Suite 121
>Saratoga Springs, UT  84045

/s/Michael D. Black